UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ANANIAS E. BOERSMA,                                      3:13-cv-380-TC

                Plaintiff,

                                       FINDINGS & RECOMMENDATION

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

COFFIN, Magistrate Judge:

    Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

    Plaintiff asserts disability beginning May 5, 2008, due to bipolar disorder, severe depression and chronic hip dysplasia. Tr. 149. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends the ALJ erred in: (1) rejecting medical opinion; (2) rejecting plaintiff's testimony; (3) rejecting lay witness statements; (4) evaluating plaintiff's mental impairments; and (5) finding plaintiff could perform the jobs of office helper, inspector/packager, and small parts assembler.

Page 1 - FINDINGS & RECOMMENDATION

A.    Medical Opinion

Plaintiff asserts that the ALJ improperly treated the opinions of examining physician Tatsuro Ogisu, and state agency reviewing physicians Sharon Eder and Joshua Boyd. Dr. Ogisu noted that plaintiff suffered from congenital right hip dysplasia with significant degenerative joint changes, marked leg length discrepancy, meralgia paresthitica (numbness and burning pain in the thigh), history of seizure disorder, left ulnar neuropathy, depression, and chronic methadone therapy. Tr. 340. Dr. Ogisu opined that plaintiff's work-related activities are limited as follows:

> sitting - up to 6 hours with frequent breaks; standing and walking over short distances - up to half the time combined; lifting - up to 25 pounds occasionally and 10 pounds frequently; carrying - up to 10 pounds occasionally; handling - no restriction. She is able to hear at normal conversational volume and speak without difficulty. She is able to travel using standard transportation.
>
> An assistive device is not required for each and every step; however, the use of a cane or similar device would help to offload the right hip and extend her tolerance for weight bearing activities. Also, such a device would be useful in protecting the right hip from excessive impact due to walking on rough terrain or down slopes.

Tr. 340.

Plaintiff had hip replacement surgery after Dr. Ogisu rendered his opinion. The ALJ gave "[s]ome weight to Dr. Ogisu's assessment." Due to claimants' right hip replacement, the ALJ found that plaintiff has additional postural limitations consistent with the ALJ's residual functional capacity assessment. Tr. 30. The ALJ's assessment, however, does not address Dr. Ogisu's opinion regarding an assistive device or the need for frequent breaks regarding plaintiff's ability to sit. The Commissioner contends that the need for a cane or frequent breaks from sitting are either not limitations found by Dr. Ogisu or the failure to include such limitations is harmless given plaintiff's hip replacement. The ALJ's failure to provide even specific and legitimate reasons for rejecting this

Page 2 - FINDINGS & RECOMMENDATION

portion of Dr. Ogisu's opinion, however, is not harmless because the record is unclear as to whether Dr. Ogisu would change his opinion in light of the surgery that plaintiff claims only temporally improved her pain or what effect such limitations would have on plaintiff's ability to perform work identified by the ALJ.

Dr. Eder found plaintiff to be limited to a sedentary residual functional capacity (Tr. 443) with certain postural limitations (Tr. 438), an ability to lift 20 pounds occasionally and 10 pounds frequently, stand or walk at least 2 hours, and sit with normal breaks about 6 hours. Tr. 437. While the ALJ accepted Dr. Eder's assessment, he limited plaintiff to modified light work. Although plaintiff asserts error because the identified jobs are generally classified as light work, the ALJ's limitations (Tr. 28) match the limitations noted by Dr. Eder and the vocational expert determined such limitations do not preclude the jobs identified.

Dr. Boyd opined that plaintiff is limited to understanding and carrying out 1-2 step instructions and must not have to maintain periods of concentration of more than two hours. Tr. 365. The ALJ did not reject this opinion, but limited plaintiff to "short, simple, routine tasks." Tr. 28. The ALJ did not specifically account for only 1-2 step tasks or the two hour limit on concentration. While the Commissioner asserts plaintiff's enrollment in community college with good grades negate the limitations noted by Dr. Boyd, the ALJ did not assert such reasoning and the court can not now rely on the post hoc rationalization offered by the Commissioner. Accordingly, a remand is necessary to develop the record regarding the medical opinions of Dr. Boyd and Dr. Ogisu.

B.   Plaintiff's Testimony

Plaintiff stated that her hip surgery resulted in her hip pain subsiding, but she still has hip

Page 3 - FINDINGS & RECOMMENDATION

pain as well as other pain. Tr. 50. Plaintiff testified that she is limited to walking about two blocks, and sitting for an hour. Tr. 50-51. Plaintiff also asserts that she is "totally bed ridden" and a "shut in." Tr. 192. The ALJ determined that plaintiff lacks credibility in detailing her own limitations because her assessment is contradicted by her testimony that she gets up at 5:30 and goes to the methadone clinic and participates in group therapy two times a week, takes several classes at community college and is making good progress, and does homework. Tr. 30-31, 52-53. While plaintiff's counsel asserts that the level of activity plaintiff stated she engages in does not amount to full-time work, the ALJ did provide clear and convincing reasons for finding plaintiff to lack credibility and did show that plaintiff's symptoms are not as severe as she alleged. However, because a remand is necessary to address the medical opinions noted above, the issue of plaintiff's own assessment of her ability to work may be revisited as well, in light of any further developments in the medical record.

C.      Lay Testimony

Plaintiff's husband, grandmother-in-law, and father each offered statements regarding plaintiff's social isolation, anxiety, and pain and how such impairments limit her ability to work. The ALJ also relied on plaintiff's ability to attend classes to reject these statement to the extent alleged. The ALJ provided reasons germane to each witness for discounting their statements, but as with plaintiff's testimony, the statements can be reassessed upon remand in light of any further development in the medical record.

Page 4 - FINDINGS & RECOMMENDATION

**D.**    **Mental Impairments**

Plaintiff asserts that ALJ failed to comply with 20 C.F.R. § 404.1520a(d) by failing to assess plaintiff's mental residual functional capacity. This argument also relies on Dr. Boyd's opinion and, as noted above, a remand is necessary to assess plaintiff's mental capacity.

**E.**    **ALJ's Step Five Finding of Ability to Perform Work**

As noted above, the ALJ did not include limitations noted by Dr. Boyd, but purportedly accepted Dr. Boyd's opinion. Plaintiff asserts that the jobs identified can not be performed by someone with such limitations based on the Dictionary of Occupational Titles. Upon remand, the ALJ can address the deficiency regarding the medical record and seek testimony from the vocational expert as to whether the limitations identified by the developed medical record preclude the ability to perform the jobs identified or any other jobs.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989). Because the record, as it currently exists, is unclear as to whether plaintiff is unable to work, a remand to further develop the record will clear up this defect.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner should be reversed and

remanded for further proceedings.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 25 day of April, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge